**AVIS RENT–A–CAR SYSTEMS, INC., Respondent,**

v.

**Peter B. HOWARD, Appellant.**

**No. ED 82746.**

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 24, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 2004.

Application for Transfer Denied May 25, 2004.

*Missouri Custody Adjustment Methodology: Where Did the Numbers Come From?,* 54 J.

Naren Chaganti, Town & County, MO, for appellant.

MO. BAR 305, 309 (1998).

Wallace S. Squibb, Springfield, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Peter Howard (hereinafter, "Howard") appeals from the trial court's judgment which entered a directed verdict in favor of Avis Rent–A–Car Systems, Inc. (hereinafter, "Avis") and granted General Motors Corporation's (hereinafter, "GM") motion for judgment on the pleadings. Howard raises ten points on appeal. We dismiss the appeal.

Howard rented a vehicle from Avis on July 23, 2000, in order to travel to Jefferson City to sit for the Missouri Bar Examination. After taking the bar exam, Howard was involved in a one-car accident while travelling back to St. Louis. The rental car suffered extensive damage, and Howard sustained minor injuries.

Avis brought suit against Howard alleging breach of contract arising from the accident. Howard sought leave to file a third-party petition against GM to assert claims for product liability and personal injury, which was granted.

The morning of trial, the trial court granted GM's motion for judgment on the pleadings. After all of the evidence was presented, the trial court directed a verdict in Avis' favor and entered a judgment against Howard in the amount of $15,942.00.

Howard appeals from the trial court's judgment, raising ten issues on appeal. Howard argues the trial court abused its discretion with respect to: (1) closing discovery two months prior to trial; (2) allowing his counsel to withdraw prior to trial and not granting new counsel a continuance to prepare for trial; (3) denying his motion in limine seeking an adverse inference against Avis for alleged spoliation of evidence; (4) granting GM's motions in limine seeking to exclude highway safety reports; and (5) limiting the scope of cross-examination with respect to the mechanical condition of the car at the time of the accident. Howard also claims the trial court erred in failing to grant him leave to amend his petition, granting GM's motion for judgment on the pleadings, directing a verdict in Avis' favor, converting the jury trial into a bench trial, and failing to examine his post-trial motions.

Avis and GM both filed motions to dismiss Howard's brief for failing to comply with Rule 84.04, which were taken with the case. Avis and GM claim the brief fails to set forth a concise statement of facts and each point relied on fails to preserve issues for appeal. Additionally, Avis and GM argue Howard has failed to preserve several of his points for appeal in his motion for new trial. The motions to dismiss are granted.

■ Howard has failed to comply with Rule 84.04 so substantially that his appeal is unreviewable. Rule 84.04(c) requires that an appellant's statement of facts contain "a fair and concise statement of facts relevant to the questions presented for determination without argument." Here, Howard's statement of facts consists of numbered paragraphs that contain argumentative facts and conclusions not in compliance with Rule 84.04(c).

■ Moreover, this Court reviews errors of law which are enunciated in an appellant's points relied on. In drafting points relied on, parties are required to: (1) identify the challenged trial court ruling or action; (2) state concise legal reasons to support the reversible error; and (3) provide a summary explanation of the legal reasons supporting reversal. Rule 84.04(d)(1)(A)-(C); *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). "A point relied on which does not state 'wherein and why' the trial court erred does not comply

with Rule 84.04(d) and preserves nothing for appellate review." *Othman v. Wal-Mart Stores, Inc.*, 91 S.W.3d 684, 686–87 (Mo.App. E.D.2002)(*citing Smith v. Independence Tax Increment Finance Comm'n*, 919 S.W.2d 292, 294 (Mo.App. W.D.1996); *In re Marriage of Kempf*, 825 S.W.2d 667, 668 (Mo.App. S.D.1992)).

None of the ten points relied on in Howard's brief follow the form suggested in Rule 84.04(d)(2) in any respect. Every point makes a bare allegation of error, which does not state concisely the legal reasons for the claim of reversible error, or explain in summary fashion why, in the context of this case, those legal reasons support the claim of reversible error. *See* Rule 84.04(d)(2). Five of Howard's ten points on appeal do not contain any reference to the legal file or transcript, nor have many of his points been preserved for appeal.

Because of its substantial failure to comply with Rule 84.04, this brief preserves nothing for review and is inadequate to invoke the jurisdiction of this court. *Davis v. Coleman*, 93 S.W.3d 742, 743 (Mo. App. E.D.2002). The brief's deficiencies would require this Court to ferret out the facts, reconstruct the points and issues and decipher the arguments to determine whether Howard is entitled to relief. This Court is not required and should not become an advocate for Howard in this way. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

Howard's appeal is dismissed.

SHERRI B. SULLIVAN, C.J., and KATHIANNE KNAUP CRANE, J., concur.