Joan Ilene GOULD, et al., Respondents,

v.

Mary Elizabeth GOULD, Appellant.

No. WD 69563.

Missouri Court of Appeals, Western District.

Feb. 27, 2009.

Daniel Lee Fowler, Kansas City, MO, for appellant.

Michael W. Blanton, Kansas City, MO, for respondent.

Before LISA HARDWICK, P.J., VICTOR HOWARD and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

Mary Gould appeals the decision of the Circuit Court of Clay County, Missouri, granting summary judgment in favor of Joan Gould and Patricia Gould on their action for breach of trust. On appeal, Mary Gould claims the trial court erred in: (1) granting Joan Gould and Patricia Gould's motion for summary judgment because their claim was barred by the applicable statute of limitations; (2) denying her motion to dismiss Joan Gould and Patricia Gould's petition because the petition showed their claim was barred by the applicable statute of limitations; (3) granting Joan Gould and Patricia Gould's motion for summary judgment because they failed to address her affirmative defense of statute of limitations in their summary judgment motion; (4) granting summary judgment to Joan Gould and Patricia Gould as individuals because they were not proper parties to the lawsuit; and (5) awarding damages in the amount of $896,426.56 because the award failed to consider mitigation of damages and failed to distinguish between penalties and interest that accrued when Mary Gould was trustee and when Joan Gould was trustee. The judgment of the trial court is affirmed.

## Background

On March 25, 1986, Sylvia Gould died testate, leaving three daughters—Mary Gould, Joan Gould, and Patricia Gould.

Pursuant to Sylvia Gould's will, a trust ("the trust") was created in which Mary Gould and Mercantile Bank of Kansas City were named as co-trustees. Mercantile Bank refused to serve as trustee, and Mary Gould became the sole trustee.

Sylvia Gould provided that Mary Gould, Joan Gould, and Patricia Gould would each receive $500.00 per month after reaching forty-five years of age. If any of her daughters were single, in bad health, or without employment at that time, the monthly amount was to be increased to $1000.00. After the death of Sylvia Gould's last surviving daughter, $10,000.00 was to go to the Catholic Diocese of Kansas City–St. Joseph and the remainder of her estate was to go to Sisters of St. Casmir Convent in Chicago, Illinois.

Sylvia Gould's estate consisted primarily of twenty-two parcels of real estate, many of which were undeveloped. Mary Gould initially valued the real property at $271,325.00 and the personal property at $158,925.77. She filed an inventory in September 1986, and, based on her valuation, she did not file a federal estate tax return.

While acting as trustee of Sylvia Gould's estate, Mary Gould received an offer to purchase one parcel of the real estate for $444,312.00. Mary Gould then had all of the real property professionally appraised. The appraisal showed the real property was worth an estimated $1,990,250.00, making the total net value of the estate $2,137,027.68. Mary Gould then filed an estate tax return on August 23, 1988, and on September 21, 1988, amended the estate inventory to reflect the correct value.

When Mary Gould filed the estate tax return, she took a "Charitable Remainder" deduction of $1,678,194.00 because the remainder beneficiary of the trust was the Sisters of Saint Casmir Convent. The effect of the deduction reduced the taxes owed on Sylvia Gould's estate to zero. The Internal Revenue Service ("IRS"), however, disallowed the deduction, making taxes due in the amount of $463,662.36 and penalties and interest due in the amount of $139,159.00. Mary Gould did not pay the taxes, interest, or penalties. On October 7, 1993, the IRS asserted a tax lien on all of the trust assets.

On December 14, 1994, Joan Gould filed a petition to remove Mary Gould as trustee. Mary Gould was removed as trustee on June 29, 1995, and Joan Gould was appointed as successor trustee. The order was amended on March 22, 1996.

The trust began making payments to the IRS on June 24, 1996, and it made its last payment on November 27, 2000. The trust paid a total of $1,562,653.55, with taxes in the amount of $666,227.00 and interest and penalties in the amount of $896,426.55.

Joan Gould and Patricia Gould [1] filed a Petition for Breach of Trust against Mary Gould on March 13, 2006. They asserted that Mary Gould breached her fiduciary duty as trustee by failing to timely file tax returns and pay taxes on behalf of the trust. The Petition stated the claim on behalf of the trust and on behalf of Joan and Patricia Gould, as individual beneficiaries of the trust. Mary Gould filed a Motion to Dismiss based upon the running of the statute of limitations. Her Motion to Dismiss was denied. Mary Gould then filed an Answer raising an affirmative defense that the statute of limitations barred this cause of action—she did not identify a

1. For the sake of clarity and ease of reading, Joan Gould and Patricia Gould will hereafter be referred to as Joan and Patricia Gould.

specific statute of limitations in her Answer.

On June 8, 2007, Joan and Patricia Gould filed a Motion for Summary Judgment. In response, Mary Gould renewed her Motion to Dismiss. The trial court never ruled upon Mary Gould's renewed motion.

On October 25, 2007, Joan and Patricia Gould filed a Second Motion for Summary Judgment. Mary Gould filed her response to the summary judgment motion on November 14, 2007, and additional suggestions in opposition to the motion on December 17, 2007.

On December 19, 2007, the trial court granted Joan and Patricia Gould's Motion for Summary Judgment. The trial court did not address Mary Gould's affirmative defense of statute of limitations. In its order granting summary judgment, the trial court found that "[a]s the result of [Mary Gould's] failure to comply with Rule 74.04, all 45 of [Joan and Patricia Gould's] Uncontroverted Facts are deemed admitted." The facts that were deemed admitted included the following: "As the result of [Mary Gould's] failure to timely file the required federal estate tax return and respond to tax deficiencies, the trust incurred penalties and interest in the amount of $896,426.55." Accordingly, the trial court entered judgment for Joan and Patricia Gould in the amount of $896,426.55.

On January 11, 2008, Mary Gould filed a Motion to Vacate, Reopen, Correct, Amend or Modify the Judgment, or in the Alternative, for New Trial or Reconsideration. In this motion, Mary Gould argued that summary judgment was inappropriate because Joan and Patricia Gould's claim was barred by the applicable statute of limitations. The trial court heard argument on Mary Gould's motion on February 27, 2008. The trial court reaffirmed its grant of summary judgment on April 2, 2008.

Mary Gould filed a Notice of Appeal on April 11, 2008.

## Standard of Review

In reviewing a grant of summary judgment, "[o]ur review is essentially *de novo.*" *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).[2]

## Discussion

### Statute of Limitations

In Points One, Two, and Three of her appeal, Mary Gould contends that Joan and Patricia Gould's claim for breach of trust was barred by the applicable statute of limitations.

In Point One, Mary Gould claims that the trial court erred in granting Joan and Patricia Gould's motion for summary judgment because their claim was barred by the applicable statute of limitation. Mary Gould argues that the proper statute of limitation is RSMo Section 456.10–1005,[3] which discusses trustee liability and limits on actions against a trustee. Section 456.10–1005.3 states:

[A] judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within five years after the first to occur of:

2. We note that no appeal was taken from the trial court's denial of Mary Gould's Motion to Vacate, Reopen, Correct, Amend or Modify the Judgment, or in the Alternative, for New Trial or Reconsideration. Denial of such a motion would be reviewed by this court under

an abuse of discretion standard. *State ex rel. Nixon v. McIntyre*, 234 S.W.3d 474, 480 (Mo. App. W.D.2007).

3. RSMo Section 456.10–1005 was adopted in 2004.

(1) the removal, resignation, or death of the trustee;

(2) the termination of the beneficiary's interest in the trust; or

(3) the termination of the trust.

Mary Gould was removed as trustee on June 29, 1995, and she asserts that, in accordance with Section 456.10–1005.3, Joan and Patricia Gould's claim against her as trustee was barred by the statute of limitation as of June 29, 2000. Mary Gould argues that Joan and Patricia Gould's petition, which was filed on March 13, 2006, was untimely.

 Joan and Patricia Gould, however, contend that the applicable statute of limitation is not found in Section 456.10–1005 but rather in RSMo Section 456.220.[4] They assert that while Section 456.220 has been replaced by Section 456.10–1005, Section 456.220 applies here because Mary Gould's actions, which form the basis of Joan and Patricia Gould's claim for breach of trust, occurred while Section 456.220 was the applicable law and prior to the January 1, 2005, effective date of Section 456.10–1005. Mary Gould, however, contends that even if Section 456.220 is found to be the applicable statute of limitation, Joan and Patricia Gould's petition would still be barred. Mary Gould relies on section 456.220.1, which states:

> Unless previously barred by adjudication, consent or limitation, any cause of action against a trustee for breach of trust shall be barred as to any beneficiary who has received a final account or other statement fully disclosing the matter . . . unless a proceeding to assert the cause of action is commenced within five years after receipt of the final account or statement. . . .

In support of her argument, Mary Gould asserts that the language found in Section 456.220.1—"[u]nless previously barred by adjudication, consent or limitation"—means that the time limits found within Section 456.220 only apply when there is no other applicable statute of limitation. Mary Gould then claims that even if this court finds Section 456.220 to be the controlling statute, Section 516.120 would be the applicable statute of limitation. Section 516.120, however, merely contains a five-year statute of limitation for all actions "upon contracts, obligations or liabilities." § 516.120(1). It makes no mention of actions against a trustee and is inapplicable here. An action for breach of trust is a tort action, not an action upon a contract. *See Perez v. Boatmen's Nat'l Bank of St. Louis,* 788 S.W.2d 296, 299 (Mo.App. E.D.1990).

Furthermore, in the case *sub judice,* neither Mary Gould nor Joan or Patricia Gould assert that there was a receipt of the final account or statement of the trust. Without such an account or statement, the five-year time limitation found in Section 456.220.1 is inapplicable. Section 456.220.3, however, states, "[A]ll causes of action against a trustee for breach of trust or other action pertaining to the administration of the trust shall be barred as to all beneficiaries twenty-two years after the date of the final termination of the trust." Joan and Patricia Gould claim that *this* is the appropriate statute of limitation and that their petition filed in March 2006 was clearly within the permitted twenty-two year time frame.

It is clear that Section 456.10–1005 is the current law regarding claims of breach of trust and actions against a trustee. The question remains, then, whether Section 456.10–1005 and its five-year limitation applies to this case or whether Section 456.220 and its twenty-two year time

---

4. RSMo 456.220 was repealed by L.2004, H.B. No. 1511, § A.

frame is the applicable limitation. Section 456.11–1106.1(1) states that Section 456.10–1005 applies "to all trusts created before, on, or after January 1, 2005." From this language, it appears that Section 456.220 must no longer be applied. Section 456.11–1106.2, however, states, "If a right is acquired, extinguished, or barred upon the expiration of a prescribed period that has commenced to run under any other statute before January 1, 2005, that statute continues to apply to that right even if it has been repealed or superseded."

While this statute's language may be incongruous, it is clear that the legislature intended Section 456.11–1106.2 to act as a savings clause. The statute states that if a person has acquired a right under a now repealed or superseded statute, such as section 456.220, the repealed or superseded statute continues to apply to the person's right. In the present case, Joan and Patricia Gould acquired a right of action against Mary Gould under Section 456.220 before 1/1/05. Although Section 456.10–1005 is current law, Section 456.11–1106 clearly states that Section 456.220 remains the applicable statute of limitation to Joan and Patricia Gould's claim.

We find that the twenty-two year statute of limitation found in Section 456.220.3 applies to Joan and Patricia Gould's claim. Accordingly, we find that the statute of limitation had not run and that the trial court did not err in granting summary judgment in favor of Joan and Patricia Gould. Because we find that the proper statute of limitation had not run, we will not address Mary Gould's second and third points on appeal.

### Proper Parties

■ In Point Four of her appeal, Mary Gould contends that the trial court erred in granting summary judgment for Joan and Patricia Gould because "they are not proper parties to the lawsuit." Mary Gould argues that Joan and Patricia Gould lacked standing to assert a claim against a former trustee, arguing that such an action can only be brought by the successor trustee—not beneficiaries. Mary Gould's claim is without merit.

While it is true that a successor trustee has standing to sue a predecessor for breach of trust, see RESTATEMENT (SECOND) OF TRUSTS § 200 (1959), Mary Gould cites no Missouri law, nor does our research reveal any Missouri law, stating that a breach of trust claim may be brought exclusively by a successor trustee. To the contrary, it is clear that co-trustees, *as well as beneficiaries*, have standing to bring a petition to remedy a breach of trust. *See* UNIF. TRUST CODE § 1001 cmt. (2000), 7C U.L.A. 644 (2006). Further, "a trustee who commits a breach of trust is liable to the beneficiaries affected...." RSMo Section 456.10–1002. Joan and Patricia Gould, as beneficiaries of the trust, filed a petition seeking recovery of damages to remedy a breach of trust. They were proper parties to bring the claim.

Point Four is denied.

### Damages

■ In Point Five of her appeal, Mary Gould claims the trial court erred in awarding damages in the amount of $896,426.56. She argues that the trial court's award failed to consider mitigation of damages and also failed to distinguish between the penalties and interest that accrued when Mary Gould was trustee and those that accrued when Joan Gould was trustee.

Rule 74.04, which governs summary judgment procedures, requires a party moving for summary judgment to set forth a statement of uncontroverted mate-

rial facts in separately numbered paragraphs. Rule 74.04(c)(1). In its response, the party opposing summary judgment "shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs." Rule 74.04(c)(2). A response that does not comply with this rule "is an admission of the truth of that numbered paragraph." *Id.*

In the case *sub judice*, Joan and Patricia Gould, in compliance with Rule 74.04(c)(1), set forth in their statement of uncontroverted material facts the amount of penalties and interest incurred as a result of Mary Gould's alleged breach of trust. They claimed damages in the amount of $896,426.55. In responding to the summary judgment motion, Mary Gould did not specifically deny the factual statements set forth by Joan and Patricia Gould, as required by Rule 74.04(c)(2).

Furthermore, at the request of the trial court, testimony was presented on the issue of damages by Joan Gould at the summary judgment hearing. Her uncontroverted testimony confirmed that the damages sustained were the difference between the amount of taxes actually paid ($666,227.00) and the total amount paid for taxes, penalties and interest ($1,562,653.55), thus equaling $896,426.55.[5] Joan Gould was not cross-examined, and Mary Gould presented no evidence whatsoever at the hearing.

As a result of Mary Gould's failure to comply with the requirements of Rule 74.04(c)(2), the trial court found that all of the factual statements claimed by Joan and Patricia Gould, including the amount of damages, were *deemed admitted.* Thus, the trial court found damages in the

5. $1,562,653.55–$666,227.00 = $896,426.55.

amount of $896,426.55. The trial court did not err in making its determination.

Point Five is denied.

## Conclusion

For the foregoing reasons, the judgment in favor of Joan and Patricia Gould for breach of trust is affirmed.

All concur.