Angelique PATRICK, Appellant,

v.

MONTE OWENS AGENCY, INC.,
et al., Respondents.

No. WD 72462.

Missouri Court of Appeals,
Western District.

Feb. 22, 2011.

William W. Lentz, Independence, MO,
for appellant.

Kevin D. Case, Kansas City, MO for
respondents Monte Owens and The Monte
Owens Agency, Inc.

William J. Gotfredson, Kansas City, MO,
for respondent Missouri Property Insur-
ance Placement Facility.

Before Division Three: CYNTHIA L.
MARTIN, Presiding Judge, JAMES E.
WELSH, Judge and GARY D. WITT,
Judge.

CYNTHIA L. MARTIN, Judge.

Angelique Patrick ("Patrick") filed suit
against Monte Owens ("Owens"), the
Monte Owens Agency, Inc. ("Agency"),
and the Missouri Property Insurance
Placement Facility ("MPIP"), for breach of
contract, reformation, negligence, and
fraudulent misrepresentation. Patrick
claimed she had obtained high risk home-
owner's insurance from Owens and Agency
through MPIP. Shortly after meeting with
Owens, Patrick's home suffered a signifi-
cant fire loss. MPIP did not pay on the
loss because it had not issued a policy of
insurance.

The trial court granted summary judg-
ment in favor of all of the defendants
based on each defendant's unconverted
factual contentions being treated as admit-
ted after Patrick repeatedly failed to ad-
here to the requirements set forth in Rule
74.04(c)(2). The admitted uncontroverted
facts were deemed by the trial court to
support the entry of summary judgment as
a matter of law as to all relief prayed by
Patrick.

Patrick appeals. We affirm.

### Statement of Facts and Procedural History

In early February 2008, Patrick applied
with Owens for homeowner's insurance
through Allstate Insurance Company after
her previous insurance policy lapsed. Ow-

ens, a licensed insurance agent for Allstate, operated the Agency. Allstate denied Patrick's application.

Owens told Patrick that she could try to secure insurance through MPIP which offered insurance to high risk insureds who were unable to secure insurance through other carriers. Owens is not a licensed agent for MPIP but is an insurance producer who can submit risks to MPIP for its consideration. No producer, including Owens and Agency, has a contract or license with MPIP, however.

On February 21, 2008, Owens assisted Patrick in filling out an application for a homeowner's policy through MPIP. This application, along with pictures of Patrick's home and a one hundred dollar money order, were mailed to MPIP on February 25, 2008.

On February 26, 2008, Patrick's home was destroyed in a fire. Patrick submitted a claim to MPIP. MPIP denied the claim because, as of the date of the loss, it had not yet received Patrick's application and had not issued a policy.[1] Even had it received her policy, the regulations controlling the insurance product MPIP issues require at least twenty days to pass from the time of application until the issuance of a policy and further condition the decision to issue a policy on a home inspection. Moreover, Patrick had requested coverage in the total amount of $300,000, which exceeded MPIP's legal coverage limits. Finally, the amount of "premium" Patrick mailed with her application was insufficient. To be considered for coverage above $100,000, an application must be accompanied by at minimum of two hundred dollars.

On March 31, 2008, Patrick filed suit against the defendants. Patrick alleged that MPIP breached its contract, and she sought to reform the contract to commence coverage on the day she gave Owens the one hundred dollar money order. Patrick alleged that Owens and the Agency committed fraudulent misrepresentation because Owens held himself out to be a MPIP agent. Patrick also alleged that Owens and Agency were negligent in failing to secure insurance for Patrick.

The defendants filed answers, and MPIP filed a cross-claim for indemnity against Owens and the Agency. Following discovery, MPIP, and Owens and his Agency, filed separate motions for summary judgment as to all of the relief prayed by Patrick. Patrick did not respond to the motions for summary judgment. The trial court entered its judgment on October 7, 2009, granting both motions for summary judgment and entering judgment in favor of MPIP, and Owens and Agency as to all relief prayed by Patrick.

Patrick filed a motion to reconsider. On November 9, 2009, the trial court granted Patrick's motion and afforded her ten days to file suggestions in opposition to both motions for summary judgment. Patrick filed a consolidated response to both motions for summary judgment and an affidavit that contradicted in material fashion her previous deposition testimony.

On January 20, 2010, the trial court granted MPIP's motion for summary judgment, observing that "Plaintiff's response thereto is incomprehensible." The trial court denied, however, Owens's and Agency's motion for summary judgment without prejudice to re-file. In its order, the trial court warned Patrick that should Owens

---

1. Though MPIP denied Patrick's claim, Patrick's mortgagee had acquired a policy of liability insurance to protect its security interest when it learned that Patrick's policy had lapsed. Patrick received the benefit of the proceeds of that policy to assist in rebuilding her home.

and Agency re-file their motion for summary judgment, she would be required to respond "in the manner required by Supreme Court Rule 74.04(c)(2)." The order provided detailed guidance to Patrick about the nature of the response required by Rule 74.04 and advised that "[f]ailure of Plaintiff to strictly adhere to the procedure mandated by that rule will result in Plaintiff being deemed to have admitted the uncontroverted facts averred by defendants in their motion."

Owens and Agency re-filed their motion for summary judgment on January 25, 2010. Patrick filed a response to the motion for summary judgment that was nearly identical to the response she had filed in response to Owens's and Agency's first motion for summary judgment, a response which had drawn pointed criticism from the trial court in its January 20, 2010 order.

On April 1, 2010, the trial court entered an order and judgment granting Owens's and Agency's motion for summary judgment. The trial court summarized the warnings it had afforded Patrick in its January 20, 2010 order, and noted that "[d]espite the Court's warning that Plaintiff strictly adhere to Rule 74.04(c)(2), Plaintiff's Response still fails to comply therewith. Therefore, paragraphs 1–43 of Defendants' Statement of Uncontroverted Material Facts ... are hereby DEEMED to have been ADMITTED by Plaintiff." The trial court entered judgment in favor of Owens and Agency on Counts III and IV of Patrick's petition and noted its earlier entry of judgment in favor of MPIP on counts I and II Patrick's petition. The trial court ruled that MPIP's cross-claim for indemnity was moot, thus rendering its April 1, 2010 order and judgment a final judgment from which Patrick's appeal has been taken.

## Standard of Review

Our review from a judgment granting summary judgment is essentially *de novo,* and as such we will apply the same criteria as the trial court to determine if summary judgment was appropriate. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the non-moving party, drawing all inferences in their favor. *Id.* The trial court's grant of summary judgment will be upheld only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 380.

## Analysis

Patrick raises two points on appeal. In her first point, which relates only to MPIP, Patrick claims that the trial court erred in granting summary judgment in favor of MPIP because there were genuine issues of material fact in dispute with respect to the existence of an agency relationship between Owens, Agency, and MPIP. In her second point, which relates only to Owens and Agency, Patrick claims that the trial court erred in granting summary judgment in favor of Owens and Agency because there were genuine issues of material fact in dispute with respect to whether Patrick reasonably relied on Owens to place her insurance.

Patrick's points relied on completely misapprehend the trial court's judgment and, thus, the procedural posture of this case. With respect to MPIP, the trial court characterized Patrick's response to MPIP's motion for summary judgment as "incomprehensible" and thus determined that Patrick had failed to satisfy her obligations under Rule 74.04(c)(2) in a manner sufficient to create any genuine issues of material fact in dispute. This included, based on our review of MPIP's motion for

summary judgment, the failure to controvert facts alleged by MPIP that addressed the absence of an agency relationship between it and Owens or Agency. With respect to Owens and Agency, the trial court deemed all of their uncontroverted facts admitted because of Patrick's repeated violations of Rule 74.04(c)(2). Based on our review of Owens's and Agency's motion for summary judgment, the admitted facts included Patrick's knowledge that the issuance of a policy by MPIP was not assured and would be contingent on events (including an inspection and the passage of twenty days) that had not occurred by the time of her fire loss.

Patrick's points relied on impermissibly "reargue" facts she has admitted due either to her failure to cogently or properly controvert those facts in the manner required by Rule 74.04(c)(2). Given her admission of all uncontroverted facts, there are only two issues that Patrick could have raised on this appeal: (a) that the trial court abused its discretion in deeming MPIP's, Owens's and Agency's uncontroverted facts admitted by Patrick; or (b) that the uncontroverted facts do not support the entry of judgment as a matter of law. Patrick's points relied on raise neither argument. Patrick has failed to present a cognizable issue for our review. *See Gould v. Gould*, 280 S.W.3d 137, 142–43 (Mo.App. W.D.2009) (rejecting a challenge to factual determinations made by the trial court in entering judgment because the facts had been deemed admitted due to Rule 74.04(c)(2) violations). The trial court's judgment is affirmed.[2]

Even if Patrick's points relied on could be construed as having asserted a cognizable issue on appeal, we would be otherwise compelled to dismiss Patrick's appeal due to numerous material violations of Rule 84.04. "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. Am. Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo.App. W.D.2004).

Patrick's Statement of Facts fails to comply with Rule 84.04(c). "Rule 84.04(c) requires that the statement of facts be 'fair and concise statement of the facts relevant to the questions presented for determination without argument.'" *Id.* at 459. Patrick's statement of facts is argumentative and fails to afford this Court with all or even most of the facts necessary and relevant to permit it to determine the issues raised by Patrick on appeal. As a single but compelling example, Patrick's statement of facts does not mention that motions for summary judgment were filed or that the trial court entered judgment in favor of MPIP, Owens and Agency on those motions for summary judgment based on uncontroverted facts that were deemed admitted by Patrick.

Patrick's points relied on fail to comply with Rule 84.04(d). Rule 84.04(d) requires points relied on to: "(1) identify the challenged trial court ruling or action; (2) state concise legal reasons to support the reversible error; and (3) provide a summary explanation of the legal reasons supporting reversal." *Avis Rent–A–Car Sys., Inc. v. Howard*, 133 S.W.3d 122, 123 (Mo. App. E.D.2004). Though Patrick's points relied on claim the trial court erred in

---

2. We note that even in the argument portions of her brief, Patrick fails to articulate any specific facts she believes controvert the relevant uncontroverted facts asserted by the defendants in their respective motions for summary judgment. The argument portions of Patrick's brief are nothing more than short and rambling dissertations of general principles of agency and/or negligence law, with no analysis as to how the law should be applied to the facts in this case.

entering summary judgment, the balance of her points do not "state concisely the legal reasons for the claim of reversible error, or explain in summary fashion why, in the context of this case, those legal reasons support the claim of reversible error." *Id.* at 124. "'A point relied on which does not state 'wherein and why' the trial court erred does not comply with Rule 84.04(d) and preserves nothing for appellate review.'" *Id.* at 123–24 (citation omitted).

There are numerous other Rule 84.04 violations, which are readily apparent upon even a cursory review of Patrick's brief. Patrick's brief was rejected for its numerous deficiencies when it was first filed, a non-obligatory courtesy afforded by our court to permit litigants one opportunity to redress Rule 84.04 violations before those violations can subject an appeal to dismissal. Patrick's "amended" brief did little to remediate her numerous violations.

Because of its substantial failure to comply with Rule 84.04, Patrick's brief preserves nothing for our review. The trial court's judgment is affirmed.

## Conclusion

The trial court's judgment is affirmed.

All concur.