**Claude Wilson GORDON et al., Appellants,**

v.

**FORSYTH COUNTY HOSPITAL AUTHORITY, INC., et al., Appellees.**

**No. 76–1228.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1976.

Decided Nov. 17, 1976.

Bertram Ervin Brown, II, Winston-Salem, N.C. (James C. Gulick, Winston-Salem, N.C., on brief), for appellants.

Roddey M. Ligon, Jr., Winston-Salem, N.C. (Katherine S. Miller, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., on brief), for appellees.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

Indigent claimants appeal the judgment of the district court upholding the manner in which Forsyth Memorial Hospital, a recipient of Hill-Burton funds, furnishes services to indigents. Under § 603(e) of the Hill-Burton Act, 42 U.S.C. § 291c(e), and the regulations thereunder, 42 C.F.R. § 53.111(d), a hospital that provides uncompensated services equal to at least three percent of its operating costs presumptively complies with its assurance to provide a reasonable volume of services to indigents. The statute and regulations, however, do not specify how these funds should be allocated.

The appellants contend that the hospital must provide any services that are medically necessary on a "first come, first served" basis until the funds are depleted. The hospital contends that it may allocate the funds on a priority basis: first, to emergency care, and then, if any funds remain, to urgent medical care, and finally, to elective medical care.

The district court ruled that the hospital's policy did not violate the statute and the regulations.* We affirm this ruling for the reasons stated by the district court. We add, however, that the law does not mandate the hospital's present method of priority allocation. Other methods, such as that advocated by the appellants, would also comply.

The district court also denied the claims of the individual plaintiffs for free medical care because of failure to exhaust administrative remedies as required by 42 U.S.C. § 300p-2(c). The parties have stipulated that they have exhausted their administrative remedies pending appeal. Accordingly, without objection by the hospital, we remand these claims to the district court.

The judgment is affirmed in part, vacated in part, and remanded. The hospital shall recover its costs.

---

* *Gordon v. Forsyth County Hospital Authority, Inc.,* 409 F.Supp. 708 (M.D.N.C.1976).