Candace **KEHRER**, et al, Appellant,

v.

**CORRECTIONAL MEDICAL SER-
VICES and Robert Capowski,**
Respondents.

**No. ED 85256.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 15, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 22, 2005.

Henry W. Cummings, St. Charles, MO,
for appellant.

Peter J. Dunne, St. Louis, MO, Joan F.
Gummels, Jefferson City, MO, for respondents.

PATRICIA L. COHEN, Judge.

*Introduction*

Plaintiff Candace Kehrer, an inmate at
Women's Eastern Regional Diagnostic and
Correctional Center ("the correctional facility"), appeals from the trial court's dismissal of her claims against Correctional
Medical Services and Robert Capowski,
superintendent of the correctional facility.[1]
We dismiss.

---

1. At oral argument, Ms. Kehrer's counsel stated that he did not think the argument against

## Statement of Facts and Proceedings Below

Missouri contracted with CMS to provide medical services at the correctional facility. To that end, CMS assigned a nurse to administer medication to inmates. On July 4, 2003, the assigned nurse allegedly administered incorrect medication to approximately seventy inmates. Ms. Kehrer was among the inmates who allegedly received the wrong medication. Several inmates receiving improper medication were transported to a local hospital for treatment. Mary Bass was among the inmates who were transported to the hospital. Ms. Kehrer claimed that as a result of the medication mix-up she and others became ill. Ms. Kehrer further claims that Ms. Bass and others transported to the hospital became ill and experienced fear and emotional distress.

Ms. Kehrer filed a putative class action lawsuit against CMS and Mr. Capowski in July 2004 on behalf of two classes of women inmates.[2] Ms. Kehrer sought to represent a group of inmates designated "Class I," consisting of approximately seventy women who allegedly received incorrect medication. Ms. Bass, who was identified in the body of the petition but not in the caption, sought to represent a group of inmates designated as "Class II," numbering approximately eleven, who also received incorrect medication, but in addition, were transported to the hospital after receiving the incorrect medication.

In August 2004, Ms. Kehrer filed her First Amended Class Action Petition and Motion for Certification of Classes. In response, Defendant Capowski filed a Motion to Dismiss and Opposition to Petitioner's Motion for Certification of Classes. Likewise, Defendant CMS filed a Motion to Dismiss on the basis of Ms. Kehrer's failure to comply with Rule 52.08.[3] After a hearing, the trial court issued a Memorandum/Order granting Defendants' motions to dismiss. Ms. Kehrer appealed and we dismissed for lack of a final judgment. *Kehrer v. Correctional Med. Svcs.*, 2005 WL 525440, —— S.W.3d —— (Mo.App. E.D.2005). Thereafter, the trial court entered a Judgment of Dismissal, dismissing the petition and entering judgment on Defendants' behalf. Ms. Kehrer appeals.

### Discussion

■ Before addressing the merits of Ms. Kehrer's appeal, we first consider whether we must dismiss for failure to comply with Rule 84.04. A brief which substantially fails to comply with Rule 84.04 preserves nothing for review and is inadequate to invoke the jurisdiction of the court. *Avis Rent–A–Car Systems, Inc. v. Howard*, 133 S.W.3d 122, 123–24 (Mo.App. E.D.2004).

A review of Ms. Kehrer's brief evidences substantial violations of Rule 84.04(d), governing the form and substance of points relied on. To comply with Rule 84.04(d), an appellant is required to: (1) identify the trial court ruling or action being chal-

---

the Attorney General was "an appropriate one" and indicated that he would dismiss Mr. Capowski. However, several weeks after the argument the court received a memorandum stating that "counsel for Candice Kehrer hereby declines to dismiss defendant Robert Capowski...."

2. The briefs refer to Candace Kehrer and Mary Bass as plaintiffs. However, the record reflects that Candace Kehrer alone filed the

original petition as she is the sole named party in the caption and is identified as filing suit "on behalf of herself and a class of all those similarly situated." See Rule 55.02. In addition, the Notice of Appeal identifies the appellant as Candace Kehrer.

3. All rule references are to Mo. Rules Civ. Pro.2004 unless otherwise indicated.

lenged; (2) state concisely the legal reasons for the claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *City of Perryville v. Nadeau,* 88 S.W.3d 162, 164 (Mo.App. E.D.2002). In analyzing the requirements of Rule 84.04(d), the Supreme Court has held that each point relied on must consist of three elements: (1) the trial court ruling; (2) the rule of law the trial court should have applied; and (3) the testimony or evidence which supports the rule of law appellant contends should have been applied. *Thummel v. King,* 570 S.W.2d 679, 685–86 (Mo. banc 1978).

Ms. Kehrer sets forth the following points relied on:

I The Trial Court erred in dismissing plaintiff Candace Kehrer's First Amended Petition, on behalf of herself and other Class I members, alleging that Robert Capowski Supt. of Women's Eastern Regional Diagnostic and Correctional Center ("hereinafter "WERDCC"), acted negligently during supervision that from July 4, 2003 through September 30 2003 in that WERDCC's employee CMS provided members of Class I with incorrect medication at WERDCC, resulting in Class I members becoming ill and sick. *Davis–Bey v. Mo. Dept. of Correction,* 944 S.W.2d 294, 295 (Mo.App. W.D.1997); Mo.R.Civ.P. 52.08; *Verner, Numerosity and Federal Rule 23: How many is too many?,* 49 U. of Mo. Law Review, pp 312–319, 314.; *Gordon v. Forsyth County Hospital,* 409 F.Supp. 706 [708] (M.D.N.C.), modified on other grounds, 544 F.2d 748 (4th Cir., 1976).

II The Trial Court erred in dismissing plaintiff Candace Kehrer's First Amended Petition, on behalf of herself and other Class I members, alleging that WERDCC's employee CMS provided members of Class I with incorrect medication at WERDCC, resulting in Class I members becoming ill and sick. Mo. R.Civ.P. 52.08; *Gordon v. Forsyth County.Hospital,* 409 F.Supp. 706 [708] (M.D.N.C.), modified on other grounds, 544 F.2d 748 (4th Cir., 1976).

III The Trial Court erred in dismissing plaintiff Mary Bass's First Amended Class Action Petition, on behalf of herself and other Class II members, alleging that Robert Capowski acted negligently in that on July 4, 2003 through September 30, 2003 provided members of Class II with incorrect medication at the Women's Eastern Regional Diagnostic and Correctional Center (hereinafter "WERDCC"), and they became sufficiently ill thereby that they were taken to nearby hospitals including Audrain County Medical Center in Mexico, Mo., a hospital in columbia [sic], Mo. and a hospital in Jefferson City Mo. for additional diagnosis and treatment. Mo. R.Civ.P. 52.08. *Davis–Bey v. Mo. Dept. of Correction,* 944 S.W.2d 294, 295 (Mo. App. W.D.1997); Verner, *Numerosity and Federal Rule 23: How many is too many?,* 49 U. of Mo. Law Review, pp 312–319, 314.; *Gordon v. Forsyth County Hospital,* 409 F.Supp. 706 [708] (M.D.N.C.), modified on other grounds, 544 F.2d 748 (4th Cir., 1976).

IV The Trial Court erred in dismissing plaintiff Mary Bass's First Amended Class Action Petition on behalf of herself and Class II members, alleging that CMS acted negligently in that on July 4, 2003 through September 30, 2003 provided members of Class II with incorrect medication at the Women's Eastern Regional Diagnostic and Correctional Center (hereinafter "WERDCC"), and they became sufficiently sick and ill thereby that they were taken to nearby hospitals including Audrain county Medical Center in Mexico, MO., a hospital in

columbia, [sic] Mo. and a hospital in Jefferson City Mo. for additional diagnosis and treatment. Mo.R.Civ.P. 52.08. *Gordon v. Forsyth County Hospital,* 409 F.Supp. 706 [708] (M.D.N.C.), modified on other grounds, 544 F.2d 748 (4th Cir., 1976).

 Each of Ms. Kehrer's points fail to (1) state concisely the legal reasons for the claim of reversible error and (2) explain in summary fashion why, in the context of the case, the legal reasons support the claim of reversible error. The points do no more than assert that the trial court erred when it dismissed Candace Kehrer's First Amended Petition (Points I and II) and Mary Bass's First Amended Class Action Petition (Points III and IV).[4] Ms. Kehrer provides no legal reasons, concise or otherwise, to support her claims of reversible error. Nor does she specify testimony or evidence supporting the application of any rule of law, let alone one that she contends is applicable. A bare allegation of error is not sufficient to preserve an issue for review. *Avis Rent–A–Car,* 133 S.W.3d at 124.

 The deficiencies in the points relied on are compounded by the deficiencies in the argument. First, the argument does not contain a statement of the applicable standard of review for each claim of error as required by Rule 84.04(e). *Davis v. Coleman,* 93 S.W.3d 742, 742 (Mo.App. E.D.2002). Second, the entire argument consists of 31 numbered paragraphs, many of which are simply incorporated by reference under each point relied on. Third, there is no citation to *relevant* legal authority or discussion of how the cases that are purportedly relevant support the argument. An argument should advise the appellate court how principles of law and the facts of the case interact. *Davis,* 93 S.W.3d at 742. If a party "fails to support a contention with relevant authority or arguments beyond conclusions, the point is considered abandoned." *Grafton v. City of Plattsburg,* 167 S.W.3d 731, 734 (Mo.App. W.D.2005). Finally, in contravention of Rule 84.04(a)(6), the brief fails to contain "[a] short conclusion stating the precise relief sought."[5] Accordingly, we dismiss Ms. Kehrer's appeal.

MARY K. HOFF, P.J., and CLIFFORD H. AHRENS, J., Concur.

---

4. In addition to violating the requirements of Rule 84.04(d), the points relied on are duplicative and refer to a non-existent pleading. Points I and II refer to the trial court's error in dismissing Candace Kehrer's First Amended Petition and Points III and IV refer to the trial court's error in dismissing Mary Bass' First Amended Class Action Petition. Ms. Kehrer and Ms. Bass did not file separate petitions. The legal file reflects that Candace Kehrer alone filed the original petition and First Amended Class Action petition. The legal file does not contain a First Amended Petition and it is, therefore, impossible for the trial court to have erred in dismissing it. Likewise, Mary Bass did not file a First Amended Class Action Petition.

5. After filing the appellant's brief, counsel discovered he had omitted the required table of contents and table of cases and sought leave to include them in the appellant's brief. However, without seeking leave to amend the original brief, counsel submitted yet another "original" brief that contains a conclusion that fails to track the points relied on and claims the trial court erred in dismissing the First Amended Class Action Petition as well as, for the first time, the Motion for Certification of Classes. Counsel also inserted new material between the last page of the brief and the index. Because counsel did not seek or obtain leave to amend Ms. Kehrer's brief in these respects, we disregard the new material.