Opinion issued July 26, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00682-CV

————————————

**PROPEL FINANCIAL SERVICES, LLC, AS AGENT AND ATTORNEY IN FACT FOR PROPEL FUNDING NATIONAL 1, LLC, Appellant**

**V.**

**LUPE PEREZ AKA LUPE G. PEREZ, HARRIS COUNTY, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, AND LILLIAN WILSON, LLC, Appellees**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-34420**

---

## MEMORANDUM OPINION

Appellant Propel Financial Services, LLC, as Agent and Attorney in Fact for

Propel Funding National 1, LLC appeals the trial court's judgment denying its

request for attorney's fees and expenses, as well as other fees, in the underlying tax property foreclosure suit against appellees Lupe Perez aka Lupe G. Perez, Harris County, City of Houston, Houston Independent School District, Houston Community College System, And Lillian Wilson, LLC. In three issues, Propel contends that the trial court abused its discretion by (1) awarding $0.00 in reasonable and necessary attorney's fees and expenses to Propel; (2) denying recovery of appellate attorney's fees to Propel; and (3) denying Propel recovery of release of lien fees, abstract fees, and late fees. We reverse and render.

## Background

On June 15, 2015, Propel Financial Services, LLC filed a property tax foreclosure suit to recover delinquent ad valorem taxes on three tracts of property owned by Perez.[1] Propel Financial Services, LLC subsequently transferred and assigned its rights and claims to Propel Funding National I, LLC (collectively referred to as "Propel"). Perez was served with process but did not file an answer or otherwise appear. The trial court referred the case to a tax master. The tax master subsequently issued a report awarding delinquent taxes and interest to Propel, and

---

[1] *See generally* TEX. TAX CODE ANN. §§ 32.06(c), 32.065(c), 33.41 (West 2015). Harris County, City of Houston, Houston Independent School District, Houston Community College System, and Lillian Wilson, LLC intervened in the suit.

2

recovery of release of lien fees, abstract fees, and late fees but reducing Propel's attorney's fees to a percentage of the delinquent base tax, penalties, and interest.

On March 1, 2017, Propel timely filed a notice of appeal of the tax master's recommendation. Specifically, Propel challenged the tax master's recommendation that Propel's request for attorney's fees in the amount of $7,128.45 be reduced to $2,366.09.

On March 31, 2017, the trial court held a hearing on Propel's appeal of the tax master's recommendation as to its reasonable and necessary attorney's fees. At the hearing, the trial court had before it the evidence considered by the tax master, which consisted of the affidavits of Yanira Reyes and Stephen Brearley as well as attached documentation. Propel was the only party who appeared at the hearing.

On April 12, 2017, the trial court signed an order stating that the proof submitted by Propel "is insufficient to meet the requirements enunciated in *Long v. Griffin*, 442 S.W.3d 253 (Tex. 2014)," and ordered that Propel be "allowed until April 28, 2017 to file revised proof of its attorney fees." On May 31, 2017, the trial court issued a final judgment granting foreclosure but awarding $0.00 in attorney's fees to Propel and striking the award of release of lien fees, abstract fees, and late fees. In its order, the trial court further stated that despite an opportunity to submit revised proof, "Propel had not submitted any additional evidence, in disregard of the Court's Order."

Thereafter, Propel filed a request for findings of fact and conclusions of law and a motion to modify judgment and/or for new trial. The trial court did not issue finding and conclusions, and Propel's motion was overruled by operation of law. This appeal followed.

**Standard of Review**

We review a trial court's award of attorney's fees for an abuse of discretion. *Ridge Oil Co. v. Gunn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004); *WWW.URBAN.INC. v. Drummond*, 508 S.W.3d 657, 665 n.3 (Tex. App.—Houston [1st Dist.] 2016, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules and principles to the extent the act was arbitrary or unreasonable. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam).

**Recovery of Attorney's Fees**

In its first issue, Propel contends that the trial court abused its discretion by awarding it $0.00 in attorney's fees and expenses. Propel argues that (1) it is entitled to reasonable and necessary attorney's fees pursuant to the parties' contract and by statute; (2) this is not a lodestar case; (3) the uncontroverted evidence is legally sufficient to prove the reasonable and necessary attorney's fees and expenses in a non-lodestar case. Alternatively, Propel asserts that, if the lodestar method applies,

4

the original and amended evidence submitted to the trial court is sufficient to prove its reasonable and necessary attorney's fees.

## A. Basis for Recovery

Under Texas law, litigants can only recover attorney's fees if a statute or contract specifically provides for such recovery. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011) (citing *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). Propel contends that it is entitled to recover its reasonable and necessary attorney's fees and expenses on three bases: (1) provisions of the Tax and Finance Codes; (2) its contract with Perez; and (3) Chapter 38 of the Civil Practice and Remedies Code.

As a tax lien "transferee,"[2] Propel is entitled to collect "the fees expressly authorized under Section 351.0021, Finance Code." TEX. TAX CODE ANN. § 32.06(e-1)(5) (West 2015). Section 351.0021 of the Finance Code authorizes the recovery of "reasonable and necessary attorney's fees, recording fees, and court costs for actions that are legally required to respond to a suit filed under Chapter 33,

---

[2] "Transferee" means a person who is licensed under Chapter 351, Finance Code, or is exempt from the application of that chapter under Section 351.051(c), Finance Code, and who is:

(A) authorized to pay the taxes of another; or

(B) a successor in interest to a tax lien that is transferred under this section.

TEX. TAX CODE ANN. § 32.06(a)(2) (West 2015).

5

Tax Code, or to perform a foreclosure, including fees required to be paid to an official and fees for an attorney ad litem." TEX. FIN. CODE ANN. § 351.0021(a)(4) (West 2016). Here, the underlying suit in this case was for recovery of delinquent taxes, penalties, interest, costs, fees, and for foreclosure.

In addition to the above statutory basis for recovery of attorney's fees, the record reflects that Perez signed a property tax payment agreement which provides for, among other things, the recovery of reasonable and necessary attorney's fees and costs incurred in enforcing the terms of the agreement. Further, section 38.001 of the Texas Civil Practice and Remedies Code provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: . . . an oral or written contract." *See* TEX. CIV. PRAC. & REM. CODE ANN. 38.001(8) (West 2015). Thus, under the above statutory provisions and contract, Propel was entitled to recover its reasonable and necessary attorney's fees.[3]

## B. Method of Calculation

Propel contends that the trial court erred in holding that the lodestar method used to calculate attorney's fees must be used in this case because this is not a

---

[3]   Appellees do not challenge any of the three bases asserted by Propel for recovery of its attorney's fees.

"lodestar" case either by law or as "chosen" by Propel.[4]  Propel argues that, unlike the plaintiffs in *Long*, it did not elect to use the lodestar method and its request for attorney's fees is based on a combination of fee arrangements, including flat fees and hourly work, to which the lodestar method does not apply.

Appellees argue that that the trial court did not abuse its discretion because (1) the April 12, 2017 order is specifically based on *Long*, and (2) the final judgment refers to Propel's failure to submit legally sufficient proof as ordered.  Appellees further assert that even if the trial court erred, the error was not an abuse of discretion because the trial court acted with reference to guiding rules and principles, i.e., *Long* and its April 12, 2017 order.  In short, appellees' argument hinges on the presumption that the trial court properly applied the lodestar method.

In *Long*, the Texas Supreme Court considered "the evidence required to prove the reasonableness and necessity of attorney's fees under the lodestar method."  442 S.W.3d at 253.  The Court noted that "[t]he affidavit supporting the [plaintiffs'] request for attorney's fees used the lodestar method by relating the hours worked for

---

[4]     "Under the lodestar method, the determination of what constitutes a reasonable attorney's fee involves two steps." *El Apple I Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). "First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work." *Id.*  "The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar." *Id.*

7

each of the two attorneys multiplied by their hourly rates for a total fee." *Id.* at 255.[5]

The affidavit further stated that the case had involved "extensive discovery, several pretrial hearings, multiple summary judgment motions, and a four and one-half day trial, and that litigating the matter required understanding a related suit that settled after ten years of litigation." *Id.* However, the affidavit did not inform the trial court of how much time was spent on specific tasks. *Id.* The Court stated

> We explained in *El Apple I, Ltd. v. Olivas* that generalities about tasks performed provide insufficient information for the fact finder to meaningfully review whether the tasks and hours were reasonable and necessary under the lodestar method. 370 S.W.3d 757, 763 (Tex. 2012). Sufficient evidence includes, at a minimum, evidence "of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *Id.* at 764. Because the testimony in *El Apple* only included the total number of hours worked and generalities about discovery and the length of trial, we remanded for a redetermination of attorney's fees.

*Id.* After noting that, as in *El Apple*, the affidavit supporting the request for attorney's fees only offered generalities, the *Long* court concluded that "[b]ecause the plaintiffs offered no evidence of the time expended on particular tasks, as we have required when a claimant elects to prove attorney's fees via the lodestar method, we agree with the [defendants] that the [plaintiffs] did not provide the trial court with legally sufficient evidence to calculate a reasonable fee." *Id.* at 254–55.

---

[5] In support of the plaintiffs' request for attorney's fees in *Long v. Griffin*, the plaintiffs' attorney filed an affidavit indicating that the plaintiffs' two attorneys spent 644.5 hours on the suit for a total fee of $100,000 based on their hourly rates. *See Long v. Griffin*, 442 S.W.3d 253, 254 (Tex. 2014).

Propel argues that, unlike the attorney's fee affidavit in *Long*, its attorney's fee affidavits do not use the lodestar method by relating the hours worked for each of its attorneys multiplied by their hourly rates for a total fee. Rather, in her affidavit, Reyes stated that she performs and oversees legal services in connection with foreclosure proceedings for Propel, and that such cases involve a combination of paralegal time, flat fees charges agreed to by Propel, expenses for certified mail, services of citation, filing fees, etc., and her time in reviewing the file, preparing business records affidavits, pleadings, motions, judgments, correspondence, etc. Her affidavit incorporates seven pages of records that detail the work performed on the case, the fee type, the amount for the services performed, the rate of the person performing the work, and, where applicable, the time expended.[6]

Neither *El Apple* nor *Long* stands for the proposition that all attorney's fees recoveries in Texas are governed by the lodestar approach. *See Barnett v. Schiro*, No. 05-16-00999-CV, 2018 WL 329772, at *9 (Tex. App.—Dallas Jan. 9, 2018, no pet.) (mem. op.); *J&K Tile Co. v. Aramsco, Inc.*, No. 05-15-01065, 2016 WL 6835717, at *2 (Tex. App.—Dallas Nov. 3, 2016, no pet.) (mem. op.); *Concert*

---

[6] At the hearing, Propel's counsel stated to the trial court: "So we're guided by the reasonable and necessary standard; and, therefore, we're guided by the *Arthur Andersen* case. And so we, as a practice, submit time sheets and support by affidavit and prove up those fees." When the trial court asked how many hours were expended by Reyes, Propel's counsel stated, "there are some hourly fees and there are some flat fees."

*Health Plan, Inc. v. Hous. Nw. Partners, Ltd.*, No. 14–12–00457–CV, 2013 WL 2382960, at *9 n.17 (Tex. App.—Houston [14th Dist.] May 30, 2013, no pet.) (mem. op.) ("While the Texas Supreme Court recognized the lodestar method as the required method for claims under Section 21.259(a) of the Texas Commission on Human Rights Act and in class-action lawsuits, the [*El Apple*] opinion does not require the lodestar method in other types of lawsuits."); *cf. Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 663 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("*If* the movant chooses to use the lodestar method to establish the amount of reasonable and necessary attorney's fees attributable to successful prosecution of its claim for breach of contract, the *El Apple* proof requirements apply.") (emphasis added). Here, the record does not show the lodestar method was required or that Propel "chose to prove up attorney's fees using this method." *Halsey v. Halter*, 486 S.W.3d 184, 188 (Tex. App.—Dallas 2016, no pet.) (mem. op.) (holding party did not "choose" lodestar by submitting attorney's fees affidavit showing attorneys' hourly rate, total hours worked on case, and total fee requested); *In re E.B.*, No. 05-14-00295-CV, 2015 WL 5692570, at *2 (Tex. App.—Dallas Sept. 29, 2015, no pet.) (mem. op.) (concluding that party who brought case under family code and presented evidence of hourly fee and number of hours worked used traditional method to calculate fees, not lodestar).

## C. Evidence of Reasonableness

We next determine whether Propel's evidence is sufficient to prove the reasonable and necessary attorney's fees and expenses in a non-lodestar case.

"It has consistently been held that an attorney's testimony about his experience, the total amount of fees, and the reasonableness of the fees charged is sufficient to support an award." *Metroplex Mailing Servs., LLC v. RR Donnelley & Sons Co.*, 410 S.W.3d 889, 900 (Tex. App.—Dallas 2013, no pet.); *see also Garcia v. Gomez*, 319 S.W.3d 638, 641 (Tex. 2010) (concluding attorney's brief testimony about experience, total amount of fees, and that total amount of fees was reasonable and necessary is "some evidence" of reasonableness of attorney's fees); *Jimoh v. Nwogo*, No. 01-13-00675-CV, 2014 WL 7335158, at *7 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, no pet.) (mem. op.) (holding evidence sufficiently supported award of attorney's fees where trial court heard evidence that flat fee of $5,000 was reasonable based on work done and attorney's experience performing similar legal services as well as evidence of nature of fee arrangement and amount in controversy, and opposing party presented no evidence controverting or rebutting evidence of reasonableness of fee). A zero award is only proper if the evidence (1) failed to prove that any attorney's services were provided or the value of the services provided, or (2) affirmatively showed that no attorney's services were needed or that any services provided were of no value. *McMillin v. State Farm Lloyds*, 180 S.W.3d

183, 209–10 (Tex. App.—Austin 2005, pet. denied); *Cale's Clean Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 787 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

A trial court determines the reasonableness of an attorney's fee award by considering the factors enumerated in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997) (quoting TEX. DISCIPLINARY RULES PROF. CONDUCT R. 1.04(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013); *see Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 512–13 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Those factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen*, 945 S.W.2d at 818.

Flat fees for certain tasks constitute a large part of the uncontroverted evidence supporting the fee application in this case. These fees are presumably based on an agreement between client and law firm for the amount to be charged for certain repeated tasks undertaken by the firm. Such arrangements are not disfavored, particularly when they are between a law firm and a client of long standing. "Historically lawyers have determined what fees to charge by a variety of methods. Commonly employed are percentage fees and contingent fees (which may vary in accordance with the amount at stake or recovered), hourly rates, and flat fee arrangements, or combinations thereof." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04 cmt. 3. A trial court may award reasonable attorney's fees based upon expert testimony regarding reasonable fees that includes both a flat fee and a component based upon hourly billing rates. *See Schwartzott v. Maravilla Owners Ass'n*, 390 S.W.3d 15, 21–22 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

Testimony from an interested witness that "is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law." *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009) (quoting *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam)). This is especially true where the

13

opposing party had the means and opportunity to disprove the testimony but failed to do so. *Id.*

In this case, Reyes's affidavit stated that Propel incurred reasonable and necessary attorney's fees and expenses of $7,683.06 from counsel's firm in connection with this case. Reyes stated that cases such as this one typically involve a combination of paralegal time, flat fee charges agreed to by Propel, expenses for certified mail, services of citation, and filing fees, as well as Reyes's time reviewing the file, preparing business records affidavits, pleadings, motions, judgments, correspondence, etc. The affidavit describes the work done on the case and details the costs, types and amount of fees, and expenses incurred. Seven pages of detailed billing records, which substantiate the total amount as averred to by counsel, were attached to Reyes's affidavit. The affidavit further stated:

- Reyes is primarily in charge of performing or overseeing legal services and expenses in connection with these foreclosure proceedings;

- Reyes has seven years' experience specializing in property tax lien cases, an area of law requiring expertise to ensure that liens and remedies are preserved and effectively enforced;

- Reyes's hourly rate for legal services is $225 per hour, which is lower than the median hourly rate for an attorney with the same experience in Harris County;[7]

---

[7] As an exhibit to her affidavit, Reyes attached the 2015 Median Hourly Rate by years of experience published by the State Bar of Texas.

14

- Reyes is familiar with fees customarily charged in Texas for property tax lien foreclosures and fees customarily approved in property tax lien foreclosure proceedings in Texas;

- The value of the taxes owed and the property involved can vary but the desired result is the successful foreclosure of the lien;

- Propel imposes certain time constraints for these cases in addition to the time limits imposed by applicable rule or statute;

- The fees incurred are reasonable based on the nature of the case, the education and experience of the attorneys handling the matter, and the work performed;

- Harrison & Duncan PLLC has a longstanding relationship with Propel and has represented it in foreclosure proceedings since 2008.

Appellees did not present any controverting evidence or attend the de novo hearing. Accordingly, the only evidence before the trial court as to the reasonable and necessary amount of attorney's fees was Propel's attorney's fee affidavit and supporting documentation. Reyes's affidavit is "clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cast suspicion thereon." *Ragsdale*, 801 S.W.2d at 882. Appellees had the means and opportunity to disprove counsel's testimony if it was not true, but they failed to do so. *See id.* Under these circumstances, the trial court erred in awarding zero attorney's fees. *See McMillin*, 180 S.W.3d at 209–10.

In the event a trial court denies or minimizes the fee award, appellate courts will reverse the award and render judgment for attorney's fees in the amount proved.

15

*See Ragsdale*, 801 S.W.2d at 882 (reversing $150 attorney's fees award and rendering $22,500 award); *Dyer v. Franz*, No. 13-13-00347-CV, 2014 WL 804032, at *3 (Tex. App.—Corpus Christi Feb. 27, 2014, no pet.) (mem. op.) (reversing trial court's judgment and rendering judgment awarding $8,272.44 in trial court attorney's fees based on counsel's testimony that amount was reasonable and necessary); *Recognition Commc'ns, Inc. v. Am. Auto. Ass'n*, 154 S.W.3d 878, 891 (Tex. App.—Dallas 2005, pet. denied) (reversing jury's zero attorney's fees award and rendering judgment awarding $75,764 in attorney's fees); *Am. 10–Minute Oil Change, Inc. v. Metro. Nat'l Bank–Farmers Branch*, 783 S.W.2d 598, 602 (Tex. App.—Dallas 1989, no writ) (reversing trial court's award of $2,500 in trial court attorney's fees because uncontroverted affidavit supported award of $10,000).

Based on the facts stated in Reyes's affidavit, which could have been readily controverted but were not, and her reference to the well-settled factors on which she properly relied to demonstrate the reasonableness of the fees requested, we conclude that Reyes's affidavit constitutes legally competent evidence that the $7,683.06 in attorney's fees sought by the law firm was both reasonable and necessary. Accordingly, we sustain Propel's first issue.[8]

---

[8] In light of our determination that the lodestar method does not apply in this case and that Reyes's original affidavit and attached documentation is legally sufficient evidence to support an attorney's fee award of $7,683.06, we do not reach Propel's alternative arguments that its evidence is sufficient under a lodestar calculation and

**Appellate Attorney's Fees**

In its second issue, Propel contends that the trial court abused its discretion in denying its request for appellate attorney's fees.

Texas law allows an award of appellate attorney's fees, provided that the award is contingent upon the appellant's successful appeal. *See Keith v. Keith*, 221 S.W.3d 156, 171 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Tex. Farmers Ins. Co. v. Cameron*, 24 S.W.3d 386, 400 (Tex. App.—Dallas 2000, pet. denied). Here, Reyes's affidavit stated:

> Based on my experience and in my best judgment, the reasonable fees and expenses for necessary services and costs that will [be] reasonably [] required by Propel in this case from this date will be:
>
> . . . .
>
> b.      $7,500 for representing Propel on appeal to the Court of Appeals.
>
> c.      $15,000 for representing Propel on appeal to the Supreme Court of Texas.

Propel argues that this uncontroverted evidence, in addition to the other detailed information in the affidavit supporting its right to attorney's fees, is sufficient to support an award of appellate attorney's fees. We agree. However, as noted above, an award of appellate attorney's fees must be conditioned on Propel's successful appeal. *See Keith*, 221 S.W.3d at 171. Having concluded that the trial

---

its amended affidavit is sufficient in the event the lodestar method applies. *See* TEX. R. APP. P. 47.1.

court erred in denying Propel's request for appellate attorney's fees conditioned on its successful appeal, we sustain Propel's second issue.

## D. Recovery of Other Fees

In its third issue, Propel contends that the trial court erred in denying its request for release of lien fees, abstract fees, and late fees to Propel.

Propel, as a property tax lien transferee, is entitled to collect by statute and pursuant to contract with the defendant property owner, additional charges incurred after closing. *See* TEX. TAX CODE ANN. §§ 32.06(e-1), (e-2) (allowing recovery of late fees, release of lien fees, and fees authorized under Finance Code section 351.0021); TEX. FIN. CODE ANN. § 351.0021(a)(6) (allowing recovery of abstract fee). For the three tracts combined, Propel requested and submitted uncontroverted evidence of $110.00 in release of lien fees, $226.30 in late fees, and $360.00 in abstract fees. The record reflects that Propel did not appeal the tax master's recommendation that it recover these fees but the trial court nonetheless denied Propel recovery of these fees. Because Propel established its right to recovery of these fees, and appellees did not present controverting evidence, we conclude that the trial court erred in denying recovery of these fees to Propel. We therefore sustain Propel's third issue.

18

## Conclusion

We reverse the trial court's judgment and render judgment awarding Propel (1) $7,683.06 in attorney's fees and expenses; (2) $7,500 in attorney's fees and costs if Propel files an appeal to the court of appeals that is successful; (3) $15,000 in attorney's fees and costs if this case should be appealed to the Texas Supreme Court and Propel is successful; (4) and $696.30 for release of lien fees, abstract fees, and late fees.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justice Jennings and Lloyd.